# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER JACOME,<br><br>    Petitioner,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>    Respondent. | Case No. 1:21-cv-01816-SKO<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF MANDAMUS |

On December 3, 2021, Petitioner filed the instant petition for writ of mandamus pursuant to 28 U.S.C. § 1361. Petitioner claims, *inter alia,* that prison officials at Wasco State Prison have failed to properly compute his sentence credits. The petition for writ of mandamus fails to state a claim. To the extent Petitioner's claims may sound in habeas corpus, they are unexhausted. Therefore, the Court will recommend the petition be DISMISSED.

**DISCUSSION**

I.    <u>Mandamus Relief</u>

The All Writs Act, codified at 28 U.S.C. § 1651(a), provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The federal mandamus statute set forth at 28 U.S.C. § 1361 provides: "The district courts shall have original

jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is only available to compel an officer of the United States to perform a duty if (1) the petitioner's claim is clear and certain; (2) the duty of the officer "is ministerial and so plainly prescribed as to be free from doubt," Tagupa v. East-West Center, Inc., 642 F.2d 1127, 1129 (9th Cir.1981) (quoting Jarrett v. Resor, 426 F.2d 213, 216 (9th Cir.1970)); and (3) no other adequate remedy is available. Piledrivers' Local Union No. 2375 v. Smith, 695 F.2d 390, 392 (9th Cir.1982).

Mandamus relief is not available here because state prison officials are not officers, employees or an agency of the United States. Title 28 U.S.C. § 1651(a) does not invest a federal district court with the power to compel performance of a state court, judicial officer, or another state official's duties under any circumstances. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984) (11th Amendment prohibits federal district court from ordering state officials to conform their conduct to state law). Thus, a petition for mandamus to compel a state official to take or refrain from some action is frivolous as a matter of law. Demos v. U.S. District Court, 925 F.2d 1160, 1161–72 (9th Cir.1991); Robinson v. California Bd. of Prison Terms, 997 F.Supp. 1303, 1308 (C.D.Cal.1998) (federal courts are without power to issue writs of mandamus to direct state agencies in the performance of their duties); Dunlap v. Corbin, 532 F.Supp. 183, 187 (D.Ariz.1981) (plaintiff sought order from federal court directing state court to provide speedy trial), *aff'd without opinion*, 673 F.2d 1337 (9th Cir.1982).

II.     Habeas Relief

A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)). Petitioner is challenging the computation of his sentence. Therefore, he is challenging the duration of his confinement, and his claims sound in habeas corpus.

A.     Exhaustion Requirement

A petitioner who is in state custody and wishes to collaterally challenge his conviction by

a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66. In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal

3

law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000), *as amended by* Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

It appears that Petitioner has not presented any of the claims to the California Supreme Court as required by the exhaustion doctrine. This is deduced from the fact that Petitioner is proceeding with a petition for writ of mandamus and Petitioner makes no mention of any proceedings in the state courts. Failure to present claims for federal habeas relief to the California Supreme Court will result in dismissal. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The Court cannot consider a petition that has not been exhausted. Rose v. Lundy, 455 U.S. 509, 521-22 (1982).

III.   Other Claims

Petitioner also raises a number of other complaints which are not cognizable. Petitioner claims prison officials have destroyed, discarded or interfered with his mail, and as a result, he has not received his "stimulus money" as mandated by the "American Rescue Plan." He further asks that prison officials be compelled to replace all of his legal materials and writing paper.

A civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499. Petitioner's civil rights claims are not cognizable in a federal habeas action and must be dismissed. Petitioner must seek relief for these miscellaneous complaints by way of a civil rights action.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that this action be DISMISSED. This Findings and Recommendation is submitted to the assigned District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after

service of the Findings and Recommendation, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **January 4, 2022**                                  /s/ *Sheila K. Oberto*
                                                                           UNITED STATES MAGISTRATE JUDGE