UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER JACOME,<br><br>Petitioner,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Respondents. | No. 1:21-cv-01816-AWI-SKO (HC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. No. 11)**<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE**<br><br>**ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**<br><br>(Doc. Nos. 4, 9, 11) |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] On December 17, 2021, Petitioner filed a motion for immediate ruling. See Doc. No. 5. On January 12, 2022, the Magistrate Judge assigned to the case issued Findings and Recommendation to dismiss the petition for failure to state a claim.[2] (Doc. No. 11.) This Findings and Recommendation was served upon all parties and contained

---

[1] Petitioner initially filed this case as a petition for writ of mandamus. See Doc. No. 1. However, on January 5, 2022, a first amended petition was filed and styled as a petition for writ of habeas corpus. See Doc. No. 10. The Court construes the active petition as the petition for writ of habeas corpus that was filed on January 5, 2022, and views the initial writ of mandamus as mooted through the filing of the petition for habeas corpus.

[2] On January 5, 2022, the Magistrate Judge issued a Findings and Recommendation to dismiss the petition for writ of mandamus. See Doc. No. 9. However, through the filing of the amended petition on January 5, 2022, the Court will decline to adopt the January 5 Findings and Recommendation as moot.

1

notice that any objections were to be filed within twenty-one (21) days from the date of service of that order. On January 24, 2022, Petitioner filed a declaration which the Court will construe as objections to the Magistrate Judge's Findings and Recommendations. (Doc. No. 12.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis. Petitioner's objections present no grounds for questioning the Magistrate Judge's analysis. Petitioner's claims must be pursued, if at all, in a civil rights action pursuant to 28 U.S.C. § 1983.

In addition, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a)  In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)  There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.

28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court DECLINES to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed January 12, 2022 (Doc. No. 11), is ADOPTED IN FULL;
2. The petition for writ of habeas corpus (Doc. No. 10) is DISMISSED;
3. Petitioner's request for an immediate ruling (Doc. No. 4) is DENIED as moot;
4. The Court declines to adopt the January 5, 2022 Findings and Recommendation (Doc. No. 9) as moot;
5. The Clerk of Court is directed to ENTER JUDGMENT AND CLOSE THE CASE; and,
6. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   February 28, 2022                    _____
                                              SENIOR DISTRICT JUDGE

3